# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-0675V
(not to be published)

| | |
|---|---|
| CRISTHIAN BERRIOS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: June 27, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Glen Howard Sturtevant, Jr.*, Rawls Law Group (Richmond), Richmond, VA, for Petitioner.

*Ronalda Elnetta Kosh*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 3, 2020, Cristhian Berrios filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that as a result of receiving the Tdap and MMR vaccines, he suffered a shoulder injury related to vaccine administration within the Table timeframe. Petition, ECF No. 1. On May 2, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 50.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,440.94 (representing $24,329.08 for attorney's fees and $3,111.86 for attorney's costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed May 12, 2023, ECF No. 54. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id*. at 3.

Respondent reacted to the motion on May 26, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 55. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested the hourly rate of $413 for 2023 work performed by Attorney Glen Sturtevant – representing a rate increase of $21. I find this hourly rate to be reasonable and I award it herein.

Additionally, Petitioner is requesting the hourly rate of $187 for paralegal work performed in 2023. This rate requires adjustment as it exceeds the Vaccine Program's published range for paralegals in 2023.[3] I shall therefore reduce the requested paralegal rate to $186 per hour for time billed in 2023. This rate is more comparable to what a paralegal would receive for the given year. This reduces the amount of fees to be awarded by **$6.10**.[4]

Lastly, Petitioner has provided supporting documentation for all claimed costs. ECF No. 54-2. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$27,434.84 (representing $24,322.98 for attorney's fees and $3,111.86 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Glen H. Sturtevant.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

---

[3] The OSM Attorneys' Forum Hourly Rate Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914

[4] This amount is calculated as follows: ($187 - $186 = $1 x 6.10hrs = $6.10).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
